**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25715-CIV-ALTONAGA**

**EXEQUIEL ALEXANDER RAMIREZ RUIZ**,

Petitioner,

v.

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER**, *et al.*,

Respondents.
_______________________________________/

# ORDER

**THIS CAUSE** came before the Court upon a *sua sponte* review of Petitioner, Exequiel Alexander Ramirez Ruiz's Petition for Writ of Habeas Corpus [ECF No. 1], filed on August 21, 2026. Upon review of the Petition, the Court concludes it must be dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Id.* (alteration added). And Rule 10(b) "require[s] that discrete claims . . . be plead[ed] in separate counts[.]" *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added; citation and footnote call number omitted); *see also* Fed. R. Civ. P. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295

(11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Petition is a shotgun pleading. In the opening paragraph of Counts II–V, Petitioner "incorporates the foregoing paragraphs." (Pet. ¶¶ 32, 36, 41, 43). The result is that Counts II–V are "replete with factual allegations that could not possibly be material to that specific count[.]" *Magluta*, 256 F.3d at 1284 (alteration added).

Accordingly, it is

**ORDERED** that Petitioner, Exequiel Alexander Ramirez Ruiz's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED without prejudice**. Petitioner has until **August 31, 2026**, to submit an amended petition curing the foregoing deficiency.

**DONE AND ORDERED** in Miami, Florida, this 24th day of August, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record